UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Donald Lynn Thompson Jr., §<br>    Plaintiff, §<br> §<br>v. §     CIVIL ACTION NO. 3:25-cv-00253<br> §<br>Matagorda County, et al., §<br>    Defendants. § | |

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' UNILATERAL REPORT
AND PLAINTIFF'S PROPOSED CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff DONALD LYNN THOMPSON, JR., proceeding pro se, files these **Objections** to the unilateral Case Management Plan filed by Defendants (Dkt. 31) and submits this Proposed Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f).

1. State where and when the meeting of the parties required by Rule 26(f) was held.
   - This meeting has not yet occurred. Because the Defendants Attorney unilaterally filed their own Case Management and never made any attempts to contact the Plaintiff prior to filling their documents to the court while stating the Plaintiff was unavailable, which is an absolute misrepresentation of the facts. See Attached Exhibit A screenshot of Plaintiffs email search on any communication sent to the Plaintiff by the Defense Council prior to filing this to the court.

   - Their E-file Dkt 31 also was never provided by the defense council to the Plaintiff, as the Certificate of Service is missing from this document, and no email was sent either, Plaintiff did not have E-file authority so Plaintiff was unaware that this document was on the docket until the Plaintiff was checking the docket to see if the court had received their Opposition to the defenses Motion to Dismiss.

- Also during the conference hearing that took place on February 11, 2026, Magistrate Judge Edison advised to the Plaintiff that they needed to be available for all conferences with the Defense, to which the Plaintiff agreed, not realizing because this document was already on the docket stating that the Plaintiff was unavailable for this conference. Plaintiff was unaware that was the actual nature of the comment, but thought it was more of a courtesy instruction going forward as the case was now moving.

- Judge Edison advised the Plaintiff that their answer to the Motion to Dismiss was due by the upcoming Thursday and that since there were immunity issues that needed to be ruled upon prior to moving forward, Plaintiff was not expecting the Defense to file their Discovery Plan prior to the courts ruling on their own motion.

- Plaintiff offered the defense an opportunity to cure, which they have apparently declined to do by not amending their documents and submitting the Plaintiffs objections to their Discovery Plan as requested by email. See Attached Exhibit B.

- Since Plaintiff has now been granted E-filing authority, Plaintiff is filing their objections to the defense's Case Management Plan for Discovery for the court to have the true nature of the Plaintiffs wishes for the Discovery Case Management Plan.

2. List the cases related to this one.
   - There are no open related cases pending in any state or federal court. However the initial intake of this case is under the miscellaneous case number 3:25-mc-00017 which is connected to this case and has related documents.

3. Briefly describe what this case is about.
   - This is a civil rights action under 42 U.S.C. §§ 1983, 1985(3) and 1986 arising from events that started on May 14, 2023, in Matagorda County, Texas. When

- Plaintiff alleges he was subjected to an unlawful custodial arrest for a non-jailable offense (expired vehicle registration only), in violation of legislative remedial function of the Subtitle A Texas Transportation Code § 502.407 which the legislation provided a remedial function of dismissal which was ignored and then was adjudicated and convicted while in custody 18 hours later by the JP 1 judge at the jail which violated his Fourth Amendment rights. The assumed unestablished probable cause for the initial stop has never been properly reviewed by the officials bound by their duties and oaths to protect. Plaintiff was detained for approximately 18 hours without this requirement, his vehicle was improperly towed from private property again without reviewing, and he was given "time served" without proper judicial process. Plaintiff further alleges that county officials deliberately withheld exculpatory evidence (body cam and dash cam footage) from the tow hearing that the Plaintiff requested to determine if the vehicle was legally towed, had it been provided it would have demonstrated if the arresting deputy ever developed the probable cause to initiate the traffic stop, and would have informed the court of the unlawfulness of both the arrest and vehicle impoundment, the court allowed the probable cause determination to go unchecked and allowed the opportunity for the court to actually violate due process.

- Plaintiff seeks compensatory and punitive damages, as well as declaratory relief, for the violations of the rights that are established and for Monell liability.

4. Identify any issues as to service of process, personal jurisdiction, or venue.
- Plaintiff is proceeding in forma pauperis. Service was handled by the U.S. Marshals Service and all Defendants were served except for the John and Jane Doe sheriff deputies that were present at the time of the arrest and detention which have not been named by the defense, and will be uncovered once discovery opens.

5. Federal jurisdiction.
- a. Specify the allegation of federal jurisdiction.
    - Federal jurisdiction is based on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights) as this case involves claims under 42 U.S.C. §§ 1983, 1985(3) and 1986 for violations of constitutional rights under color of state law.

- b. Identify the parties who disagree.
    - Defense claims None.

- c. Diversity of citizenship.
    - Not applicable. Federal jurisdiction is based on federal questions, not diversity of citizenship. Defense agrees.

6. List anticipated additional parties.
- Plaintiff objects to the Defense stating None.

- Plaintiff currently anticipates adding 2 additional parties. Jane Doe Deputy assisted the arresting officer with searching Plaintiff's vehicle after Plaintiff was being removed from the scene. And John Doe Deputy that transported Plaintiff to the county jail. Those were not served by the US Marshall due to unknown male and female actors.

- However, Plaintiff reserves the right to amend the complaint to add any additional parties if discovery reveals additional individuals involved in the constitutional violations alleged.

7. List anticipated interventions.
- Plaintiff and Defense agree None anticipated at this time.

8. Describe class-action issues.
   - Plaintiff and Defense agree. Not applicable. This is not a class action or collective action.

9. State whether each party has made initial disclosures.
   - Plaintiff is also preparing initial disclosures and will provide them to defendants within 5 days as required by the Court's order after the ruling on the Motion to Dismiss currently before the court.

10. Attorneys' fees.
    - Plaintiff is currently proceeding pro se but has included a claim for attorneys' fees pursuant to 42 U.S.C. § 1988 should counsel be retained.

    - Plaintiff is amenable to submitting any fee issues to the Court for resolution on affidavits or declarations after the merits are resolved.

    - Defense has stated that this is Not applicable to them.

11. Describe the proposed discovery plan.

**PLAINTIFF OBJECTS TO DEFENSE COUNCIL ENTIRE ANSWER TO QUESTION 11**

Plaintiff proposes the following discovery plan:

- Exchange of initial disclosures within 14 days after the Ruling on the Motion to Dismiss currently before the court.

- Written discovery to be served within 30 days after initial disclosures.

- Depositions to begin after written discovery responses are received.

- Preservation of all body camera footage, dash camera footage, dispatch recordings, jail records, tow records, all deputies on scene offense reports, including any supplemental documents and all related materials.

- Electronic discovery to include emails, text messages, and other communications between defendants regarding the incident including any dispatch recordings of car to car communications between the deputies who arrived at the scene.

- Plaintiff anticipates needing until July 30, 2026 to complete discovery due to the number of defendants and complexity of the constitutional issues.

B. Threshold Issues:
- Defendants have raised qualified immunity, and judicial immunity, as blanket defenses.

- Defense wants to limit this to "employment verification only" which is not going to provide any information, but to continue covering up the information actually needed to determine if the stated claims have merit.

- To determine this plaintiff requests early, targeted discovery on these issues, including:

- Depositions of defendants regarding knowledge of clearly established law;

- Requests for documents regarding training, arrest procedures, and internal communications;

- Discovery regarding evidence concealment to prevent the true nature of the initial stop.

12. Experts.

A. Are experts needed?

- Defense states No.

- Plaintiff anticipates possibly needing expert testimony on:
    - Law enforcement standards regarding proper arrest procedures for Class C misdemeanors.
    - Constitutional standards for seizure and due process.
    - Damages calculation.

C. Plaintiff's Expert Deadline:
- Plaintiff proposes designating experts by week 5 if determined they are required.

D. Defendant's Expert Deadline:
- Defense has stated that this is not applicable to them.

13. State the date discovery can reasonably be completed.
- Plaintiff believes discovery can reasonably be completed by the July 30, 2026 date the Defense has suggested, as long as there are no delays by the defense in the production of the requested information.

14. Separate views and proposals.
- Since the Defendants never contacted the Plaintiff before filing their plan.

- This submission is the Plaintiffs objections and Plan.

15. Discovery undertaken to date.
- No formal discovery has been undertaken to date.

- Plaintiff has filed a Rule 27 Petition to Perpetuate Testimony and Preserve Evidence, which is still currently pending before the Court under the 3: 25-mc-17 related case.

16. Settlement/Mediation.
    - Plaintiff is also in agreement with the Defense to open mediation with a neutral and independent 3rd party who has not been involved with this case and has no connections with the defense council law firm.

17. ADR Techniques.
    - Plaintiff believes that mediation may be appropriate after sufficient discovery has been completed to establish the facts regarding the constitutional violations alleged.
    - Plaintiff suggests mediation might be effective after the completion of key depositions and document production are complete.

18. Magistrate Judge Consent.
    - Plaintiff DOES NOT CONSENT to this case being presented to the magistrate Judge Edison.
    - The plaintiff wants to keep the case before Judge Brown.

19. Jury Demand.
    - Plaintiff and Defense Council both agree the Plaintiff made a timely jury demand in the Complaint filed on August 8, 2025.

20. Trial Length.
    - Plaintiff estimates it will take approximately 5 to 7 days to present the evidence at trial.
    - Defense estimated 5 days

21. Pending Motions.
- Defense has stated None.

22. Other Pending Motions.
- Plaintiff has 2 (two) pending motions:
    - Answer in Opposition to the Defense Motion to Dismiss.
    - Motion to Perpetuate Testimony and Preserve Evidence Pursuant to Federal Rule of Civil Procedure 27(a) (filed August 8, 2025).
- Defense has 1 (one) Motion before the Court:
    - Motion to Dismiss.

23. Issues for Conference.
- Plaintiff requests the Court address Defendants' failure to confer and their attempt to unilaterally limit discovery.

24. Certificate of Interested Parties.
- Plaintiff and Defense have both filed Certificate of Interested Parties.
    - Plaintiff docketed October 20, 2025 and
    - Defendant docketed February 2, 2026.

Respectfully submitted,

/S/ *Donald Lynn Thompson Jr.*

Donald Lynn Thompson Jr.
PO Box 521
Markham Texas 77456
**Updated email address for Pacer
Thompson-V-Matagorda@outlook.com
**Back up email addresses
ginnyleethompson430@gmail.com
donniethompson430@gmail.com
Dated: February 24, 2026

# Exhibit A

Screenshot of the total communication between the defense counsel and the information sent and received between both parties



## Exhibit B

Plaintiff offered the defense counsel an opportunity to cure this declaration of the Plaintiff being unavailable for conference before actually filing a correction that advises the court of this issue.

Since the Plaintiff received no response and nothing was submitted to the court, this is why this document has been filed.



CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, a true and correct copy of the foregoing Plaintiff's

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' UNILATERAL REPORT
AND PLAINTIFF'S PROPOSED CASE MANAGEMENT PLAN

is available for the counsel for Defendants, Matagorda County et al., via the Pacer electronic filing access portal, in accordance with the Federal Rules of Civil Procedure. For the following named attorneys:

Ben Stephens and Kate David

With

HUSCH BLACKWELL LLP
600 Travis Street, Suite 2350
Houston, Texas 77002

Simultaneously a true and correct copy has been sent electronically by email to the defense counsel as a courtesy copy to the following addresses:

Email: Ben.Stephens@huschblackwell.com
Email: Kate.David@huschblackwell.com

Attorneys for Matagorda County Defendants

Respectfully

/s/ *Donald Lynn Thompson Jr.*

Donald Lynn Thompson Jr.
PO Box 521
Markham Texas 77456
**Updated email address for Pacer
Thompson-V-Matagorda@outlook.com
**Back up email addresses
ginnyleethompson430@gmail.com
donniethompson430@gmail.com