United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DONALD LYNN THOMPSON, JR., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-000253 |
| | § | |
| MATAGORDA COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is the Matagorda County Defendants' motion to dismiss the claims asserted against them by Plaintiff Donald Thompson.[1] *See* Dkt. 29. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted. I also recommend that the court sua sponte dismiss the remaining defendant, Buster Jackson d/b/a Jackson Towing Services. Before the court enters final judgment, however, I recommend that Thompson be given 14 days from the adoption of this memorandum and recommendation to amend his complaint.

## BACKGROUND[2]

"On May 14, 2023, [Thompson] was operating a vehicle with expired registration in Markham, Texas, when he was stopped [and arrested] by" Defendant Deputy Raymond Gonzales. Dkt. 1 at 6. Gonzales handcuffed, arrested, and transported Thompson to the Matagorda County Jail where he was detained for approximately 18 hours.

---

[1] The Matagorda County Defendants are Matagorda County, Texas; Jennifer Chau, the Matagorda County Attorney; Judge Jason Sanders, Justice of the Peace Precinct 1; Judge Mark Finlay, Justice of the Peace Precinct 4; Matagorda County Sheriff's Deputy Raymond Gonzales; Matagorda County Sheriff's Department; Matagorda County Attorney's Office; Michaela Riley; and unknown John and Jane Does alleged to be employed by the Matagorda County Sheriff's Department.

[2] These facts, which I accept as true, are taken from Thompson's complaint. *See* Dkt. 1.

On May 15, 2023, Defendant Judge Jason Sanders, Justice of the Peace for Precinct 1, conducted a magistration and entered a disposition of time served against Thompson.

On June 22, 2023, a vehicle tow hearing was held before Defendant Judge Mark Finlay, Justice of the Peace for Precinct 4.[3] Defendant County Attorney Jennifer Chau appeared at the hearing, as did a representative of Defendant Buster Jackson d/b/a Jackson Services. During the hearing, Thompson's wife requested the body-worn and dash camera footage of Thompson's arrest. Judge Finlay denied the request and ruled that the tow was lawful. Michaela Riley, a records clerk, denied Thompson's request for access to body camera and dash camera footage.

On July 2, 2025, Thompson instituted this lawsuit against Jackson and the Matagorda County Defendants. Thompson asserts five causes of action: (1) unlawful arrest and detention against Gonzales and Judge Sanders in their individual capacities; (2) deprivation of due process against Chau, Riley, Judge Finlay, and Judge Sanders in their individual capacities; (3) malicious prosecution against Chau, Judge Finlay, and Judge Sanders in their individual capacities; (4) civil conspiracy to violate constitutional rights against all defendants; and (5) *Monell* liability against Matagorda County. The Matagorda County Defendants have moved to dismiss under Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

---

[3] Thompson does not allege that his vehicle was towed in connection with his arrest. Construing all facts in Thompson's favor, however, I presume that to be the case.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

## ANALYSIS

The central dispute in this case is whether it was lawful for Gonzales to arrest Thompson for an expired registration. Thompson concedes in his complaint that his registration was expired. *See* Dkt. 1 at 4. There is ample authority, from the United States Supreme Court down to the lowest courts, stating that: "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also State v. Gray*, 158 S.W.3d 465, 469 (Tex. Crim. App. 2005) ("[A]n arrest for a

minor traffic offense is not an unreasonable seizure under the Fourth Amendment."); *Jaycox v. Pyle*, No. 6:18-cv-00016, 2021 WL 1140865, at *6 (S.D. Tex. Mar. 25, 2021) ("The failure to display proper vehicle registration through a valid registration sticker . . . [is] lawful grounds for arrest under Texas law."); *Hodnett v. State*, No. 05-01-01323-CR, 2002 WL 31845821, at *2 (Tex. App.— Dallas Dec. 20, 2002, pet. ref'd) ("When an officer has probable cause to believe a person is committing an offense, even a traffic offense, an officer can reasonably arrest that person.").

Against this mountain of authority, Thompson argues that "courts in those cases were not presented with the argument that the Legislature's specific remedial provision for expired registration [in Texas Transportation Code § 502.407] supersedes general arrest authority."[4] Dkt. 33 at 7. I appreciate Thompson's creativity, but Thompson overlooks that, under Texas law, speeding, use of a wireless communication device, or a violation of the open container law "are the *only* offenses for which issuance of a written notice to appear is mandatory." Tex. Transp. Code § 543.004(c) (emphasis added). Whatever prohibition against arrest Thompson believes is implied by § 502.407 cannot stand in the face of the plain language of § 543.004, which articulates exactly three offenses for which officers may not make an arrest, none of which is an expired registration. Accordingly, Gonzales committed no constitutional violation by arresting Thompson.

In any event, Gonzales is "shielded from liability for civil damages [under the qualified immunity doctrine] if [his] actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation omitted). "A right is clearly established only if the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was

---

[4] Under § 502.407 a justice of the peace may "dismiss a charge of driving with an expired motor vehicle registration if the defendant . . . remedies the defect not later than the 20th working day after the date of the offense or before the defendant's first court appearance date, whichever is later." Tex. Transp. Code § 502.407(b)(1)(A).

violating it." *Mote v. Walthall*, 902 F.3d 500, 505 (5th Cir. 2018) (quotation omitted). "[T]he salient question . . . is whether the state of the law" at the time of the incident provided Gonzales with "fair warning that [his] alleged treatment of [Thompson] was unconstitutional." *Hope*, 536 U.S. at 741. Thompson bears a heavy burden because a right is clearly established only if relevant precedent has "placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Accordingly, even if Thompson's theory is correct (it is not), his argument is so novel that Gonzales would be entitled to qualified immunity anyway.

As for Judges Sanders and Finlay, they are unquestionably entitled to absolute judicial immunity for their actions as judges. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." (cleaned up)). Despite the crystal-clear law on this point, Thompson contends that "[t]he imposition of criminal punishment for an administrative infraction that was never formally charged, never pled to, and never adjudicated on the merits raises a serious question as to whether Judge Sanders acted within any cognizable jurisdiction." Dkt. 33 at 13. Not so. The Texas Code of Criminal Procedure clearly states that justices and judges of the justice and municipal courts "shall credit the defendant for time served in jail." Tex. Code Crim. Proc. Ann. art. 45A.251(d). Thus, Judge Sanders acted well within his jurisdiction when he credited Thompson's time served toward the fine for an expired registration. As for Judge Finlay, Thompson contends only that his actions were wrong, not that they were outside Judge Finlay's jurisdiction.[5] Accordingly, both judges are entitled to absolute judicial immunity.

---

[5] To the extent that Thompson seeks to relitigate the proceedings before either Judge Sanders or Judge Finlay, the *Rooker–Feldman* doctrine bars federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

Likewise, County Attorney Chau is entitled to immunity. Defendants contend that Chau is entitled to absolute prosecutorial immunity. *See* Dkt. 29 at 6. Thompson argues that she is not entitled to prosecutorial immunity because she appeared at a purely administrative tow hearing, not a criminal hearing. I need not decide whether Chau is entitled to prosecutorial immunity because, in any event, she is entitled to qualified immunity. No reasonable attorney would think that she is violating any constitutional right simply by participating in a tow hearing, objecting to evidence, and soliciting testimony. *See Mote*, 902 F.3d at 505.[6]

The records clerk, Riley, is also entitled to qualified immunity. No reasonable official would think that simply refusing to waive fees for accessing bodycam footage, directing someone to another office, and citing technical issues are violations of any constitutional right. *See* Dkt. 1 at 10. Indeed, Thompson does not seriously contest Riley's qualified immunity in his response brief, arguing only that "the qualified immunity analysis is premature at this stage." Dkt. 33 at 16. It is not; Riley is entitled to qualified immunity.

As for the Matagorda County Attorney's Office and Sheriff's Department, Thompson "acknowledges the legal principle that sub-entities of a county" are non-jural entities, and that his claims against the County Attorney's Office and the Sheriff's Department "are effectively claims against the County." *Id.* at 26.

As for Matagorda County, Thompson cannot establish a constitutional violation that would give rise to *Monell* liability. Gonzales acted lawfully when he arrested Thompson for an expired registration; Sanders acted lawfully when he credited Thompson's time served toward the fine for an expired registration; and Chau did nothing more than appear at a tow hearing on the County's behalf. Because Thompson cannot establish a constitutional violation, his claims against

---

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[6] In addition to Chau's immunity, her conduct, made during the course of representing Matagorda County, is "exempt[] from a conspiracy charge under section 1985." *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999).

Matagorda County must be dismissed. *See Romero v. City of Grapevine*, 888 F.3d 170, 178 (5th Cir. 2018) (holding that claims against a municipality "cannot survive" where the plaintiff "failed to demonstrate" a constitutional violation); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.").

Lastly, I must address Jackson. There are only two references to Jackson in the complaint: (1) "Defendant JACKSON TOWING SERVICES is a private towing company operating in Matagorda County and may be served through its registered agent"; and (2) "Chau . . . permitted testimony from a Jackson Towing representative who lacked any firsthand knowledge of the towing circumstances or vehicle location." Dkt. 1 at 3, 5. These are not factual allegations that allow me to draw the reasonable inference that Jackson is liable for any misconduct. *See Iqbal*, 556 U.S. at 678. Thus, I recommend that the court sua sponte dismiss Thompson's claims against Jackson. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.").

\* \* \*

Although I am recommending dismissal of all Thompson's claims, Fifth Circuit precedent requires that Thompson be given leave to amend. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) ("Normally, plaintiffs facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint.").

## CONCLUSION

For the reasons discussed above, I recommend that the Matagorda County Defendants' motion to dismiss (Dkt. 29) be granted. I also recommend that the court sua sponte dismiss Thompson's claims against Jackson. Before the court

enters final judgment, however, I recommend that Thompson be given two weeks from the adoption of this memorandum and recommendation to file an amended complaint.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 27ᵗʰ day of April 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

8