United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DONALD LYNN THOMPSON, JR., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00253 |
| | § | |
| MATAGORDA COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

On April 17, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 41. Judge Edison filed a memorandum and recommendation on April 27, 2026, recommending that the Matagorda County Defendants' motion to dismiss (Dkt. 29) be granted; that the court sua sponte dismiss the plaintiff's claims against Jackson Towing Services; and that the plaintiff be given the opportunity to file an amended complaint. Dkt. 42.

On May 5, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 43. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff objects that Judge Edison failed to credit the plaintiff's allegation that the traffic stop in question was conducted without probable cause. Dkt. 43 at 2. "The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law." *Stewart v. Sonneborn*, 98 U.S. 187, 194 (1878) (quotation omitted). Thus, the conclusory statement that a stop was conducted without probable cause is a legal conclusion that the court is not required to accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The plaintiff's first objection is overruled. The plaintiff will be afforded the opportunity to amend his complaint. To survive another motion to dismiss, the plaintiff must allege facts that, when accepted as true, support the notion that the stop was conducted without probable cause.

The plaintiff objects that Texas Transportation Code § 502.407(b) "is a state-created liberty and property interest protected by the Due Process Clause." Dkt. 43 at 3. Not so. Section 502.407(b) vests justices of the peace and municipal court judges with *discretion* to dismiss a charge of driving with an expired registration. *See* Tex. Transp. Code § 502.407(b) ("A justice of the peace or municipal court

judge having jurisdiction of the offense *may . . . .*" (emphasis added)). Such permissive language "cannot reasonably be taken to encourage the expectancy of the right to [be free from arrest for an expired registration]." *Williams v. Briscoe*, 641 F.2d 274, 276–77 (5th Cir. Unit A 1981) (holding that a statute does not create a protectable liberty interest where the decisionmaker is vested with discretion); *see also Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (holding that where a statute "place[s] no substantive limitations on official discretion and thus create[s] no liberty interest entitled to protection under the Due Process Clause"). The plaintiff's second objection is overruled.

The plaintiff objects that Judge Edison was wrong to grant absolute immunity to Judge Sanders because Texas Code of Criminal Procedure Art. 45A.251(d) "provides that a justice of the peace 'may assess a fine' after a defendant 'enters a plea' or is found guilty." Dkt. 43 at 4. The words "may assess a fine" and "enters a plea" do not appear anywhere in Art. 45A.251(d). In fact, the word "plea" is completely absent from Art. 45A.251(d). Nor do these words appear in the now-superseded Article 45.041, which was the version of the Texas Code of Criminal Procedure in effect on May 15, 2023, the date that Judge Sanders sentenced the plaintiff. Even if such words were in the statute, it would mean only that Judge Sanders erred, not that he acted without jurisdiction. The plaintiff's third objection is overruled.

The plaintiff objects that Judge Edison failed to accept the plaintiff's pleaded facts as true, and that the plaintiff pleaded that Defendants Chau and Riley

"knowingly withheld material evidence and intentionally created administrative barriers to cover up an unlawful arrest." Dkt. 43 at 5 (citing Dkt. 1 ¶¶ 28–29, 46–50). Specifically, the plaintiff complains that Judge Edison failed to credit his allegations that Riley denied his indigency, which made it difficult for the plaintiff to obtain the body camera footage of his arrest, and that Chau withheld footage "that would have shown the legality of the arrest." Dkt. 1 at 10. Judge Edison has already established why, based on the plaintiff's own admission that his registration was expired, the plaintiff's arrest was lawful. Thus, the plaintiff must allege specific facts that would be shown on the footage in question to create a plausible inference that any wrongdoing by defendants occurred. The plaintiff's fourth objection is overruled.

Likewise, the plaintiff's fifth objection is overruled. Judge Edison was correct to dismiss the plaintiff's *Monell* and conspiracy claims without an underlying constitutional violation.

The plaintiff objects to Judge Edison's recommendation that the court sua sponte dismiss Defendant Jackson Towing Services, arguing that "the proper remedy is to grant Plaintiff leave to amend." Dkt. 43 at 6. But Judge Edison recommended that the plaintiff be given leave to amend before the court enters final judgment. Dkt. 42 at 8. Accordingly, the plaintiff's sixth objection is overruled.

Finally, the plaintiff objects that Judge Edison erred by ignoring the plaintiff's claims against the Doe defendants. The only allegations that the plaintiff

makes against the Doe defendants are: (1) "Defendant JOHN DOE DEPUTY is an unknown officer involved in Plaintiff's transport" and (2) "Defendant JANE DOE DEPUTY is an unknown officer who supervised on scene." Dkt. 1 at 3. The mere acts of transporting or supervising someone are not facts, standing alone, that would give rise to the plausible inference of wrongdoing. The plaintiff's seventh objection is overruled.

It is therefore ordered that:

(1)   Judge Edison's memorandum and recommendation (Dkt. 42) is approved and adopted in its entirety as the holding of the court;

(2)   The Matagorda County Defendants' motion to dismiss (Dkt. 29) is granted;

(3)   Defendant Jackson Towing Services is sua sponte dismissed from this action for failure to state a claim; and

(4)   Plaintiff Donald Lynn Thompson, Jr. has two weeks from the date of this order to file an amended complaint.

SIGNED on Galveston Island this 12th day of May 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

5